UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| Stanley Wise, | ) | C/A No.: 4:14-cv-4625-JMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| Warden John R. Pate, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Stanley Wise  (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 8, 2014. Respondent filed a motion for summary judgment on April 23, 2015, along with a return and memorandum. (Doc. #21 and 22 ). The undersigned issued an order filed April 23, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #23). Petitioner filed a response on June 22, 2015. (Doc. #29). Respondent filed a reply on July 1, 2015.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the Allendale Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Spartanburg County. Petitioner was indicted by the Spartanburg County Grand Jury during the July 10, 1995, term of the Spartanburg County Court of General Sessions for two counts of assault and battery with intent to kill (1995-GS-42-3514, 3513); three counts of possession of a firearm or knife during commission of or attempt to commit a violent crime (1995-GS-42-3514, 3513, 3515); and one count of murder (1995-GS-42-3515). (App. 606-07, 625-26, Attachment No. 19). Petitioner was initially tried and convicted of one count of murder, two counts of assault and battery with intent to kill, and three counts of possession of a firearm during the commission of a violent crime on April 16, 1996. (See Attachment No. 17). His convictions were affirmed on appeal. (Attachment No. 17). However, the convictions were reversed in PCR. (Attachment No. 18).

In his retrial, Petitioner was represented by Thomas A.M. Boggs. (App. 1-477). The State was represented by Assistant Solicitor Robert Coler of the Seventh Judicial

2

Circuit Solicitor's Office.  Id. On October 18-20, 2004, Petitioner was tried and convicted on all charges by a jury before the Honorable James E. Lockemy, Circuit Court Judge. Judge Lockemy sentenced Petitioner to life confinement on the murder conviction, ten years confinement for each of the assault and battery with intent to kill convictions, and five years confinement for each of the possession of a weapon during the commission of a violent crime convictions, all to be served concurrently. (App. 476).

**Direct appeal**

A timely Notice of Appeal was served on behalf of Petitioner on October 26, 2004. (Attachment No. 2).  On appeal, Petitioner was represented by Joseph L. Savitz, III, Chief Attorney with the South Carolina Commission on Indigent Defense, Division of Appellate Defense.  (See Attachment No. 3). Petitioner's appeal was perfected with the filing of an Anders brief of Appellant.  (Attachment No. 3).  In the final Anders brief, Petitioner's counsel argued the judge erred by allowing the State to introduce into evidence the written statements and prior transcribed testimony of Wise's co-defendant, Marcus Carson, because its presence in the jury room during their deliberations unduly emphasized that evidence, in violation of State v. Gulledge, 277 S.C. 368. 287 S.E.2d 488 (1982).

In an unpublished opinion of the South Carolina Court of Appeals filed January

2, 2008, Petitioner's appeal was dismissed. (Attachment No. 6). In the opinion, the Court of Appeals stated Petitioner appealed his convictions for murder, two counts of assault and battery with intent to kill (ABWIK), and three counts of possession of a firearm while in the commission of a violent crime, as well as his sentences of life imprisonment for murder, ten years for each ABWIK charge, and five years for each possession of a firearm charge, all to run concurrently. Petitioner contended the trial court erred by admitting certain evidence because its presence in the jury room during deliberations unduly emphasized the evidence. After a review of the record and counsel's brief pursuant to Anders v. California, 386 U.S. 738 (1967), and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), the Court of Appeals dismissed Petitioner's appeal and granted counsel's motion to be relieved. The remittitur was issued on January 18, 2008. (Attachment No. 7).

**PCR Action**

Petitioner filed an application for post-conviction relief (PCR) on May 15, 2008 (2008 -CP-42-2536), asserting claims of ineffective assistance of counsel. Specifically, Petitioner asserted trial counsel was ineffective in failing to attack the veracity of the sworn statement and affidavit of the arrest warrant. (App. 484-85). He also contended trial counsel was ineffective in failing to introduce the previous trial testimony to rebut the State's motive by impeaching Rita Haney's testimony. (App.

485).  Third, he asserted trial counsel was ineffective in not using Kenya Haney's conviction for violating S.C. Code §16-17-725, and for not objecting to the use of her testimony to impeach her.  (App. 486).  Fourth, he argued trial counsel was ineffective in not moving to suppress evidence in statements of Marcus Carson and Juan Foster. (App. 486).  Fifth, he contended trial counsel was ineffective in failing to request a limiting instruction regarding the use of Carson's prior statement as impeachment only.  (App. 486).  Sixth, he averred trial counsel was ineffective in failing to introduce prior trial testimony showing that Carson's second statement was made to show inaccuracy in Carson's later statement.  Seventh, Petitioner asserted counsel was ineffective in failing to object to the admission of the statements by Marcus Carson where its presence in the jury room during deliberations unduly emphasized that evidence in violation of <u>State v. Gulledge</u>.  (App. 487).

On August 12, 2008, Petitioner filed an addendum to PCR application.  (App. 489-95).  In the addendum, Petitioner asserted the State engaged in a <u>Brady</u> violation in providing Petitioner with a redacted version of Marcus Carson's first statement. (App. 489-95). He also claimed trial counsel was ineffective in failing to challenge the redacted statement of Carson given to him by pursuing further discovery of the redacted information.  (App. 490, 492-93).  The State served its Return on November 5, 2008.  (App. 496-500).

An evidentiary hearing into the allegations of the PCR application was held on April 7, 2009, before the Honorable Roger L. Couch, Circuit Court Judge. (App. 501-51). Petitioner was present and was represented by Ryan Langley. Respondent was represented by Michelle J. Parsons, Assistant Attorney General.

On March 17, 2010, the PCR Court issued its order of dismissal denying and dismissing the PCR application with prejudice for failure to meet his burden of proof under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and <u>Butler v. State</u>, 286 S.C. 441, 334 S.E.2d 813 (1985). (App. 563).

## Appeal from the Denial of PCR

On April 16, 2010, Petitioner appealed from the denial of his PCR application. Petitioner was represented by Elizabeth A. Franklin-Best, Appellate Defender with the South Carolina Commission on indigent Defense, Division of Appellate Defense. (See Attachment No. 9). Petitioner's appeal was perfected by the filing of a petition for writ of certiorari. (Attachment No. 9). In the petition, Petitioner argued trial counsel rendered ineffective assistance of counsel when he did not object to a transcript of a state's witness' testimony being sent into the jury room during deliberations. The State filed a Return. (Attachment No. 10).

By order filed January 13, 2012, the South Carolina Supreme Court transferred Petitioner's appeal to the South Carolina Court of Appeals. (Attachment No. 11).

In an order filed  April 3, 2013, the South Carolina Court of Appeals granted the petition for writ of certiorari.  (Attachment No. 12).

Petitioner subsequently filed a brief of Petitioner. (Attachment No. 13).  In the brief, he argued trial counsel rendered ineffective assistance of counsel when he did not object to a transcript of a State's witness' testimony being sent into the jury room during deliberations. The State filed a brief of Respondent.  (Attachment No. 14).  In an unpublished opinion filed June 18, 2014, the South Carolina Court of Appeals affirmed the PCR Court's order of dismissal.  (Attachment No. 15).  In the opinion, the Court of Appeals noted Petitioner appealed the post-conviction relief court's denial of his claim for ineffective assistance of counsel. On appeal, Petitioner  claimed his counsel was ineffective for not objecting to the submission to the jury room of the transcript from part of his original trial that included testimony of the State's witness. The Court of Appeals affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating to prove trial counsel was ineffective, the defendant must show (1) trial counsel's performance was deficient and (2) the deficiency prejudiced the defendant);  State v. Plyler, 275 S.C.291, 298, 270 S.E.2d 126, 129 (1980) (stating the trial court, in its discretion, may permit the jurors to review testimony during their deliberations); Bennett v. State, 383 S.C. 303, 308, 680 S.E.2d 273, 275 (2009) (finding trial counsel was not ineffective

for failing to renew his objection to testimony as inadmissible hearsay where the trial court overruled trial counsel's previous objection to similar testimony). The remittitur was issued on July 8, 2014.  (Attachment No. 16).

## HABEAS ALLEGATIONS

Petitioner filed his petition on December 8, 2014, with a Houston v. Lack, 487 U.S. 266 (1988), delivery date of December 1, 2014, in which he raises the following allegations, quoted verbatim:

GROUND ONE:        I was denied the right to due process and right to a fair trial, because of  my ineffective assistance of Trial Counsel.  In violation of my 6th and 14th Amend. USCA.

Supporting Facts:        Counsel failed to object to copy of transcript of my previous trial, as it relate to a witness who was impeached, being submitted to the jury during deliberation. The State impeached its won[sic] witness and used the transcript as sebterfuge[sic] to get to the jury otherwise inadmissible evidence; and the State Court's ruling on this issue was contrary to and an unreasonable application of federal law as determined by the United States Supreme Court.

GROUND TWO:        I was denied the right to due process and right to a fair trial, because of my ineffective assistance of Trial Counsel in violation of my 6th and 14th amendment. USCA.

8

Supporting facts:    Counsel failed to object to the admissibility of a state witness whom the State impeached and whom committed perjury; Counsel failed to require the State to lay a foundation and the Trial Court to conduct a balancing test to determine the Relevance of this impeached witness' testimony; the State Court's decision resulted in a decision contrary to and an unreasonable application of a prior decision of the U.S. Supreme Court.

GROUND THREE:    I was denied the right to due process and right to a fair trial, because of my ineffective assistance of trial counsel in violation of my 6th and 14th Amendment rights. USCA.

Supporting facts:    Trial Counsel failed to plead and argue former jeopardy and to quash the indictment. This along with several other issues having a cumulative effect, rendered counsel's performance deficient and the trial unreliable in producing just results; and except for counsel ineffective assistance no reasonable jury would have found Petitioner guilty. Petitioner is actually innocent.

(Petition).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

> shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

10

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## **ANALYSIS**

### **Ground One**

In Ground One, Petitioner argues ineffective assistance of trial counsel when counsel failed to object to a portion of a copy of the transcript from his previous trial being submitted to the jury during deliberations. This claim was raised in the PCR application, ruled upon by the PCR court, and raised in the PCR appeal.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the

merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  A petitioner must first show that his counsel committed error.  If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985)

13

(quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)).  In meeting the

second prong of the inquiry, a complaining defendant must show that he was

prejudiced before being entitled to reversal.  Strickland requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional  errors,
> the result of the proceeding would have been different.  A
> reasonable  probability  is  a  probability  sufficient  to
> undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must
> judge the reasonableness of counsel's challenged conduct
> on the facts of the particular case, viewed as of the time of
> counsel's conduct . . . the court must then determine
> whether, in light of all the circumstances, the identified acts
> or omissions were outside the wide range of professionally
> competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the

Strickland analysis).

In the present case, the PCR court held the following with regard to this issue:

Lastly, the Applicant argues Trial Counsel should have objected to the
redacted written transcript of Marcus Carson's testimony being submitted
to the jury during deliberations since it gives that statement too much
emphasis over other evidence in the jury's deliberations.  This court
finds Trial Counsel objected to the introduction of the transcript in full.
Further, the Court allowed into evidence in a redacted form so that all
references to it coming from a previous trial were removed. The redacted
transcript was not agreed upon until the end of the case. Therefore, it was

not read to the jury during the trial. Partial references to its contents were made during the state's direct examination of Marcus Carson who denied the statement, stated that he didn't remember giving it, or that it was the product of police coercion. This Court reviewed State v. Gulledge, 287 S.E. 2d 488, 277 S.C. 368, (S.C. 1982)' State v. Plyer, 270 S.E.2d 126, 275 S.C. 29, (1980) and State v. Hess, 301 S.E.2d 547, 279 S.C. 14 (S.C. 1983).

In Plyer, the first case in this series of cases, the Supreme Court said it was within a trial judges' discretion to decide how to respond to a jury's inquiry asking for the playing of a portion of the testimony of a witness.

The second case in this series of cases is Gulledge. This Court notes that the only case that found that a trial judge had abused its discretion by allowing transcripts to go to a jury was the Gulledge case. In that case the evidence that was sent into the jury room during deliberations was a transcript of a radio call for a Highway Patrol Officer who had been wounded and later died. In the State's case in chief there had been testimony about the call from the patrolman who received it, as well as testimony about the call from the telecommunications supervisor and the tape of the call was played to the jury. Then the transcript of the call was sent into the jury room. The Supreme Court in that case noted that for the trial judge to allow the transcript of the call to go into the jury room was an abuse of discretion in that allowing it to go back to the jury was over emphasizing that evidence.

In Hess, the court found that it was harmless error (if any error at all) to allow transcripts of a meeting between the Defendant and others in a malfeasance in office case to show intent on the part of the Defendant when there was no dispute as to the content of the transcript or it's accuracy. Further the Court reasoned that the taped information only went to show intent and did not directly impact the defenses of the defendant. There was no indication in that case as to the number of times that evidence was placed before the jury in that trial.

In the case at hand, the Trial Judge ruled that the prior trial testimony of Marcus Carson was admissible because at trial he refused to testify and claimed he had no recollection of his previous testimony. At the

Defense's request the transcript was redacted to remove any references to a previous trial of Stanley Wise. It appears that Carson's refusal to testify was a surprise to the State, and the redaction of the transcript took place during the trial of the case. For that reason, the redacted copy of the testimony was finally presented to the Court and admitted into evidence at the close of the case immediately prior to closing arguments. (See Record on Appeal p. 413 L 24 &25, p. 414 L 1).

Had Trial Counsel objected to the evidence being sent back to the jury room at that stage of the trial the Trial Judge would have had the discretion to have the evidence published to the jury at that time or to send it back with them into deliberations. It is this court's finding that either of these choices would have placed an equal level of emphasis on the evidence and, therefore, if it was error on the part of the Trial Counsel not to make that objection it was harmless and does not call into question the outcome of the trial.

Further, unlike Gulledge there had been no previous introduction of the prior testimony during the trial, and it would have been in the Trial Judge's discretion as to whether or not sending the written transcript into the jury room would have placed an over emphasis on that evidence. A Trial Judge could have been justified in sending it to the jury room in light of the Gulledge and Plyer reasoning. Therefore there is no assurance that the motion, if made, would have been successful.

(Tr. 560-562).

During the trial when co-defendant Carson refused to testify, the State asked

Carson to either admit or deny that he made the statements included in the testimony.

(Tr. 335). Trial counsel objected to the introduction of the transcript as evidence under

Rule 613(b), S.C.R. Evid., but the trial court overruled the objection and instructed

that the document should be entered as a court's exhibit. Id. The exhibit was not

published to the jury at that time. Later, when the court decided it was going to

16

publish a redacted copy of the transcript, trial counsel objected to the transcript being

entered into evidence as a violation of the confrontation clause. (Tr. 375). After the

conclusion of Carson's testimony and at the end of the court day after the jury was

dismissed, trial counsel stated "I just wanted to put on the record that we did object

to the introduction of the transcript. I understand the Court is going to redact those

portions." (Tr. 353). Petitioner stood up and told the court that he had a case in

reference to the court allowing Carson's statements to be submitted. He stated there

was a South Carolina case, State v. Hamlet, that dealt with "a co-defendant gave a

statement stating that, implicating that the applicant in a break-in, and then at trial the

witness did not implement (sic) the applicant, the defendant in the break-in. And they

were saying they was impermissible for the state to impeach their own witness

because they knew what that witness was going to testify to in trial, but the witness

changed his statement." (Tr. 400). After taking a break, the trial judge stated that he

had reviewed the case of State v. Hamlet, 294 S. C. 77, 362 S.C. 2d 644, ruling as

follows:

> . . . Of course it was a decision made prior to the change of
> our rules, and that case dealt with the, where a witness is
> declared  hostile  or  not  and  therefore  allowing
> impeachment. Things have changed since then with our
> rules and whether the state can claim surprise or not with
> regard to impeachment, and I don't find that directly on
> point in this matter.

(Tr. 401-402).

The trial judge concluded as follows:

> But I find in my view that through our evidence rules that
> both of these documents are admissible. Not only are they
> admissible through the initial area we were looking at,
> which I think was, let me find the exact rule here, under
> 613, but also I think in 804(b)(1), could be, I'm looking at
> here about formal testimony. So through 613 and 804(b)(1)
> I am, because, in essence, the witness almost made himself
> unavailable by saying he remembered nothing or denied
> making anything. But under 613 and 804(b)(1) I think they
> are both admissible.
>
> And as far as the issue of confrontation, the witness was
> here and  basically answered the questions. If he can only
> say I don't remember making the statement or I didn't
> make the statement or whatever, that's a question, and he,
> of course, he was cross-examined extensively back in, I
> think, '96 or whenever it was his other testimony was
> given. . . .

(Tr. (402-403).

The trial judge stated he was admitting the documents into evidence with the

trial transcript being redacted. The State moved to offer the transcript into evidence

as a prior inconsistent statement under Rule 613(b), and counsel objected. The

objection was overruled, and the trial judge found that it would be admitted into

evidence. (Tr. 335).  The transcript testimony was not read to the jury. The trial court

ruled that the evidence was admissible under Rule 613, S.C.R.Evid., and under Rule

804(b)(1). (Tr. 402-3). The South Carolina Court of Appeals denied the petition for

writ of certiorari and affirmed the PCR court's order of dismissal citing to <u>Strickland v. Washington</u>, <u>supra</u>; <u>State v. Player</u>, 270 S.E.2d 126, 129 (1908)(stating that the trial court, in its discretion, may permit the jurors to review testimony during their deliberations); and <u>Bennett v. State</u>, 680 S.E.2d 273, 275 (2009) (finding trial counsel was not ineffective for failing to renew his objection to testimony as inadmissible hearsay where the trial court overruled trial counsel's previous objection to similar testimony). (Doc. #21-17).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); <u>Williams</u>, <u>supra</u>. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, <u>supra</u>; <u>Wilson v. Moore</u>, <u>supra</u>. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record.[2] Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on

---

[2] The underlying claim of whether or not the evidence should have been admitted under the state rules of evidence is based on the state's own standards for sufficiency of the evidence. <u>See</u> <u>Wilson v. Greene</u>, 155 F.3d 396, 407 (4th Cir. 1998).

Ground One.

## GROUNDS TWO AND THREE

In Grounds Two and Three, Petitioner asserts he was denied the right to due process and right to a fair trial due to trial counsel's ineffectiveness. In Ground Two, Petitioner argues that witness Carson committed perjury and counsel failed to raise an objection that would require the State to lay a foundation and require the trial court to conduct a Rule 403 balancing analysis to determine the relevance of the witness' testimony.

In Ground Three, Petitioner asserts trial counsel was ineffective in not moving to quash the indictment and prevent further prosecution in a second trial on the basis of double jeopardy.

Respondent argues that Grounds Two and Three are procedurally barred in that they were not raised at PCR and ruled upon by the PCR judge. Thus, since the claims were not raised to and ruled upon by the PCR court, Respondent argues they were unavailable for further collateral review and should be dismissed as procedurally barred.

These claims are procedurally defaulted in that the PCR court did not issue a direct ruling on this issue and a Rule 59 motion was not filed. In his response to

summary judgment, Petitioner argues he is entitled to cause under Martinez. To the

extent Petitioner claims that Martinez v. Ryan, —— U.S. ——, 132 S.Ct. 1309, 182

L.Ed.2d 272 (2012) allows him to overcome his procedural default as to Grounds Two

and Three, the claims fail. In Martinez, the Supreme Court established a "limited

qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546,

115 L.Ed.2d 640 (1991), that any errors of PCR counsel cannot serve as a basis for

cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial

counsel. Martinez, 132 S.Ct. at 1319. The Martinez Court held that inadequate

assistance of counsel "at initial-review collateral review proceedings may establish

cause for a prisoner's procedural default of a claim of ineffective assistance at trial."

Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated that:

> [w]e ... read *Coleman* as containing an exception, allowing
> a federal habeas court to find "cause," thereby excusing a
> defendant's procedural default, where (1) the claim of
> "ineffective assistance of trial counsel" was a "substantial"
> claim; (2) the "cause" consisted of there being "no counsel"
> or only "ineffective" counsel during the state collateral
> review proceeding; (3) the state collateral review
> proceeding was the "initial" review proceeding in respect
> to the "ineffective-assistance-of-trial-counsel claim"; and
> (4) state law requires that an "ineffective assistance of trial
> counsel [claim] ... be raised in an initial-review collateral
> proceeding."

Trevino v. Thaler, 569 U.S. ——, ——, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044

(2013) (citing Martinez, 132 S.Ct. at 1318–19, 1320–21); see also Sexton v. Cozner,

679 F.3d 1150, 1159 (9th Cir.2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

To establish cause under Martinez, Petitioner must demonstrate (1) that his PCR counsel was ineffective under Strickland and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one." Martinez, 132 S.Ct. at 1318.Therefore, Petitioner must show that PCR counsel's failure to raise this issue at PCR or to file a Rule 59 motion was "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States

Constitution and (2) petitioner was prejudiced as a result).

Petitioner has not shown that his PCR counsel was ineffective under Strickland and that the underlying ineffective claims of trial counsel are substantially meritorious to overcome the default. In Ground Two, Petitioner asserts that trial counsel was ineffective in failing to object to the admissibility of the testimony of Marcus Carson upon claims that it was improper impeachment by the State and inadmissible under Rule 403, S.C.R. Evid.[3] However, pursuant to Rule 607, S.C. R. Evid., "[t]he credibility of a witness may be attacked by any party, including the party calling the witness." When the witness refused to answer the questions stating that he did not remember, the state informed the court that it planned to impeach the witness with a prior inconsistent statement. (Tr. 316). Therefore, the State could impeach its own witness without having to assert surprise or have the witness declared hostile. Accordingly, his claims that counsel was ineffective for failing to object to the impeachment is without merit. Even if counsel acted unreasonably, Petitioner has offered no evidence that the performance was prejudicial. Specifically, he has failed

_____

[3] Rule 403 of the South Carolina Rules of Evidence states as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

23

to demonstrate a reasonable probability that had trial counsel raised an objection based on Rule 403 S.C.R.Evid, the trial judge would have determined it to be applicable and the evidence would not have admitted. Accordingly, Petitioner cannot show sufficient prejudice as a result of his attorney's failure to object, and his claim of ineffective assistance of counsel is without merit. Therefore, Petitioner has failed to show he is entitled to relief under the <u>Martinez</u> standard as he cannot demonstrate a substantial claim of ineffective assistance of trial counsel; that PCR counsel was objectively unreasonable in failing to raise it; and that, but for PCR counsel's errors, there is a reasonable probability that Petitioner would have received relief on his claim of ineffective assistance of trial counsel.

In Ground Three, Petitioner argues that trial counsel was ineffective for failing to move to quash the indictment and prevent prosecution in a second trial on the basis of double jeopardy. In this case, Petitioner's first conviction was set aside after he was successful at his first PCR hearing. Therefore, the second trial was not barred by double jeopardy. <u>See</u> <u>Lockhart v. Nelson</u>, 488 U.S. 33, 38 (1988) ("it has long been settled. . . that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." (citing <u>Ball v. United</u>

24

States, 163 U.S. 662, 671-72 (1896). Therefore, counsel was not ineffective in failing to raise a meritless claim.

Accordingly, Petitioner cannot demonstrate that these are substantial claims of ineffective assistance of trial counsel; that PCR counsel was objectively unreasonable in failing to raise them; and that, but for PCR counsel's errors, there is a reasonable probability that he would have received relief on his claims of ineffective assistance of trial counsel. As such, Petitioner has failed to prove that PCR counsel's representation fell below the standard of professional reasonableness in this regard. Accordingly, Grounds Two and Three should be dismissed as procedurally barred.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #22) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 2, 2015
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**