# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Stanley Wise, ) | |
| ) | Civil Action No. 4:14-cv-04625-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden John R. Pate ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, appearing *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 31), filed on September 2, 2015, recommending that Respondent's Motion for Summary Judgment (ECF Nos. 21, 22) be granted and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed without an evidentiary hearing. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 39.) For the reasons set forth below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF Nos. 21, 22) and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) without an evidentiary hearing.

## I. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See* ECF No. 31 at 2–9.) The court concludes upon its own careful

1

review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own.

### III. LEGAL STANDARD

*A. The Magistrate Judge's Report and Recommendation*

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). She reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Id*. The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B. Relief under 28 U.S.C. § 2254*

The Antiterrorism and Effective Death Penalty Act of 1996, as codified in 28 U.S.C. § 2254, governs Petitioner's federal habeas claims. Petitioners seeking relief pursuant to § 2254 usually must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). Federal courts may not thereafter grant habeas corpus relief unless the underlying state adjudication comports with § 2254(d), which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) *resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding*.

§ 2254(d) (emphasis added).

A state court's decision is contrary to clearly established federal law when it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or confronts facts essentially indistinguishable from a prior Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). In contrast, a state court's decision involves an "unreasonable application" of "clearly established" federal law 1) "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or 2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

In line with *Williams*, the Fourth Circuit has noted that an "unreasonable application" is not necessarily an "incorrect application" of federal law, explaining that "an incorrect application of federal law is not, in all instances, objectively unreasonable." *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (citing *Williams*, 529 U.S. at 413). Thus, to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

In making this determination, a federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998). And a Petitioner who brings a habeas petition in federal court must

3

rebut facts relied upon by the state court with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))).

### C. Motion for Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

4

*D. Procedural Bar of Claims for Federal Review*

Federal courts are generally precluded from considering constitutional claims that have been bypassed on procedural grounds in earlier state proceedings. *Smith v. Murray*, 477 U.S. 527, 533 (1986). For a federal court to be justified in ignoring a state procedural bar, one is required to show 1) cause for his failure to raise the claim in the state courts, and 2) actual prejudice resulting from the failure. *See id.* (quoting *Wainwright v. Sykes*, 433 U.S. at 84 (1977)); *see also Reed v. Ross*, 468 U.S. 1, 10–11 (1984) (noting that state procedural bars promote "the finality of [judicial] decisions"). Alternatively, a petitioner can demonstrate that a federal court's failure to consider the claims, regardless of their procedural bar, would result in a "fundamental miscarriage of justice." *Engle v. Isaac*, 456 U.S. 107, 135 (1982) ("[W]e are confident that victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." (citing *Wainwright* 433 U.S. at 91)).

Furthermore, attorney error does not qualify as such "cause" under this analysis unless it also can be shown that the error qualifies as "ineffective assistance of counsel" in violation of the Sixth Amendment. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A defendant demonstrates ineffective assistance of counsel when he shows not only that counsel's performance was deficient under an objective reasonableness standard, but also that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Lastly, under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), there are limited exceptions under which ineffective assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. To demonstrate cause under *Martinez*, a Petitioner must demonstrate: (1) that his PCR counsel was ineffective under Strickland and (2) that "the underlying ineffective-assistance-of-trial-counsel

claim is a substantial one." *Id.* at 1318. In other words, Petitioner would need to show that his PCR counsel's errors were "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." *Sexton v. Cozner*, 679 F.3d 1150, 1157, 1159 (9th Cir. 2012) (summarizing the *Martinez* test).

## IV. ANALYSIS

*A. Report and Recommendation Summary*

The Report addresses the following of Petitioner's habeas allegations, quoted verbatim:

Ground One: I was denied the right to due process and right to a fair trial, because of my ineffective assistance of Trial Counsel. In violation of my 6th and 14th Amend. USCA.

Ground Two: I was denied the right to due process and right to a fair trial, because of my ineffective assistance of Trial Counsel in violation of my 6th and 14th amendment, USCA.

Ground Three: I was denied the right to due process and right to a fair trial, because of my ineffective assistance of trial counsel in violation of my 6th and 14th Amendment rights. USCA.

(ECF No. 1 (excluding "supporting facts").)

In considering these allegations, the Magistrate Judge appropriately evaluated the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984) to Petitioner's claim of ineffective assistance of trial counsel in support of Ground One of his habeas petition. (ECF No. 31 at 12–20.) Under *Strickland*, Petitioner needed to have shown not only that counsel's performance was deficient under an objective reasonableness standard, but also that this deficiency prejudiced his defense. *Strickland*, 466 U.S. at 668, 687, 694.

Citing relevant portions of the record below, the Magistrate Judge concluded that the state court reasonably concluded that Petitioner's claims failed under *Strickland*—that is, the

6

state court's application of *Strickland*, as clearly established federal law, was not objectively unreasonable under § 2254(d) such that Petitioner's habeas petition should be granted. (ECF No. 41 at 19–20.) Petitioner furthermore failed to show that the state's court's rejection of his claim resulted in a decision that was based on an unreasonable determination of the facts under § 2254(d). *Id.*

The Magistrate Judge then held that Grounds Two and Three were procedurally barred because Petitioner did not raise them at post-conviction relief ("PCR"), and the PCR court did not rule upon them. (ECF No. 31 at 20–21, 25.) Petitioner thereafter failed to request a ruling on the issues, as required under South Carolina state procedural law to preserve these issues for review. *Id.* (stating that "a [S.C. R. Civ. P.] Rule 59[(e)], motion was not filed").) The Magistrate Judge accordingly concluded that this failure precludes their federal habeas review. *Id.*

The Magistrate Judge further explained that Petitioner could not rely on *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012) to overcome the procedural default of Grounds Two and Three because Petitioner failed to fulfill *Martinez*'s requirements to overcome such a procedural bar. (*Id.* at 21–25.)

  B. *The Court's Review of Petitioner's Objections*

Petitioner asserts that the Magistrate Judge "basically adopted every position asserted by Respondent without consideration as to whether Respondent has met its burden according to the requirements of [Fed. R. Civ. Pro.]56(c)." [ECF No. 39 at 2.] More exactly, he argues: "As long as Petitioner fairly and sufficiently state [sic] a claim which entitles him to relief, if taken as true, no matter how artfully pleaded, summary judgment must fail and an evidentiary hearing conducted to ensure petitioner full and fair opportunity to prove his claims." [ECF No. 39 at 7.]

7

After a thorough review of the Report and the record in this case, this court determines that Petitioner's objection, as specifically identified and discussed below, fail.

### 1. Ground One - Ineffective Assistance of Counsel Claims

Petitioner first contends that Respondent, as the moving party, has not met his summary judgment burden for establishing that Petitioner cannot support his claim of ineffective assistance of counsel. (ECF No. 39 at 8.) The heart of Petitioner's ineffective assistance of counsel claim is that his trial counsel was "ineffective for failure to object (or properly object) to the submission and the obviously prejudicial effect or impact it had on the jury' [sic] verdict." (*Id.*)

But *Strickland* is clear about evaluating counsel's conduct for ineffectiveness: "In any ineffectiveness case, a particular decision . . . must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691 (1984) (considering a counsel's specific duty to investigate certain claims on behalf of her client). In light of all the circumstances of this case, this court agrees with the Report's conclusion that the PCR court's rejection of the ineffective assistance of counsel claim under *Strickland* was not "contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court" in violation of § 2254(d). (*See* ECF No. 31 at 19–20.) For example, the PCR court explained:

> Had Trial Counsel objected to the evidence being sent back to the jury room at that stage of the trial the Trial Judge would have had the discretion to have the evidence published to the jury at that time or to send it back with them into deliberations. It is this court's finding that either of these choices would have placed an equal level of emphasis on the evidence and, therefore, if it was error on the part of the Trial Counsel not to make that objection it was harmless and does not call into question the outcome of the trial.

(ECF No. 21-3 at 62–64.)  After reviewing the record as a whole, this court agrees with the Report's recommendation because no genuine question of material fact exists—that is, this court believes that no reasonable jury could return a verdict for Petitioner.  *See Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

Further underscoring the inadequacy of these arguments, Petitioner fails to offer the "clear and convincing evidence" necessary under 28 U.S.C. § 2254(e)(1) to overcome the presumption of correctness of the state court's findings on collateral review.  Indeed, even with such evidence, it remains difficult for a federal court to establish that a state court's application of *Strickland* was unreasonable under § 2254(d); when both *Strickland* and § 2254(d) apply, as in this case, federal review is "doubly" deferential.  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Petitioner goes on to rely on the United States Supreme Court's ruling in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012) "for the proposition that a basis in law . . . exist [sic] to maintain this cause (or claim) sufficient to overcome summary judgment."  (*See* ECF No. 39 at 9.)  *Martinez* provides limited exceptions under which ineffective assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Martinez*, 132 S. Ct. at 1315.  Thus, Petitioner's reliance on *Martinez* is misplaced—*Martinez* is clear in its limited ruling of exceptions for overcoming a procedure default only to claims of ineffective assistance of counsel at trial.  *Id.*  Petitioner's argument simply fails; *Martinez* does not aid him in overcoming the fact that Respondent has satisfied its summary judgment burden and that Petitioner's ineffective assistance of counsel claim fails.

### 2. *Procedural Bar of Ground Two and Ground 3 of the Habeas Petition*

Petitioner's final objection appears to challenge the Report's conclusion that Grounds Two and Three of his habeas claim are procedurally barred. (ECF No. 39 at 9–11.) For Ground 2, Petition explains that if the jury's verdict was "unduly influenced" by disproportionately prejudicial evidence, then an evidentiary hearing is required of this court to consider the outcome of the PCR Court, where this issue allegedly was raised. For Ground Three, Petitioner ostensibly corrects the position of Respondent and the Magistrate Judge, stating: "Petitioner's conviction was not overturned on some error in the proceeding, rather it was overturned on the evidence adduced by the state's primary witness' [sic] testimony and the evidence of a weapon that was not the murder weapon." (ECF No. 39 at 10.)

But, as Respondent argued (ECF No. 19–21)—and as the Magistrate Judge observed (ECF No. 21 at 20–25)—Petitioner did not properly raise those issues at the PCR court and did not file the necessary motion to preserve those issues for appeal. *See Marlar v. State*, 375 S.C. 407, 410 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review."). The failure to do so results in those claims being procedurally barred under state law and precludes this court from addressing them.

For this federal court to be appropriate in ignoring the state procedural bar, Petitioner has clearly violated, Petitioner would need to demonstrate 1) cause for his failure to raise the claim in the state courts, and 2) actual prejudice resulting from the failure. *Smith v. Murray*, 477 U.S. 533; *see also Murray v. Carrier*, 477 U.S. 478, 492 (1986) (noting that the argument of the petitioner in that case was that it was "inappropriate to hold defendants to the error of their attorneys," but ultimately holding that "counsel's failure to raise a *particular* claim on appeal is

10

to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts") (emphasis in original).  Alternatively, Petitioner would have needed to demonstrate that this court's failure to consider the claims, regardless of their procedural bar, would result in a "fundamental miscarriage of justice."  *Engle v. Isaac*, 456 U.S. 107, 135 (1982) ("[W]e are confident that victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." (citing *Wainwright*, 433 U.S. at 91)).  Petitioner demonstrates neither cause and prejudice nor that a "fundamental miscarriage of justice" is risked by this court not considering his claims.

Petitioner nonetheless seems to suggest that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), excuses the requirement that he demonstrate "cause."  (ECF No. 39 at 9–10.)  Again, *Martinez* provides limited exceptions under which ineffective assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Martinez*, 132 S. Ct. at 1315.  Contrary to his assertion, Petitioner simply is not entitled to an "evidentiary hearing to ascertain whether sufficient cause and prejudice has [sic] been demonstrated."  [ECF No. 39 at 9.]  Rather, to demonstrate cause under *Martinez*, Petitioner needed to demonstrate: (1) that his PCR counsel was ineffective under Strickland and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one."  *Martinez*, 132 S. Ct. at 1318.  In other words, Petitioner would need to show that PCR counsel's errors were "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter."  *Sexton v. Cozner*, 679 F.3d 1150, 1157, 1159 (9th Cir. 2012) (summarizing the Martinez test).  And as the Magistrate Judge found, Petitioner has not demonstrated 1) that Ground 2 or Ground 3 presents substantial claims of

ineffective assistance of counsel under *Strickland*; 2) that PCR counsel was "objectively unreasonable in failing to raise them;" and 3) "that, but for PCR counsel's errors, there is a reasonable probability that [Petitioner] would have received relief" on those claims.  (ECF No. 31 at 25.)

## V. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 31).  It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF Nos. 21, 22) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, Petitioner has not met the legal standard for the issuance of a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 9, 2015
Columbia, South Carolina

13